FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTOS RAUL ALVARENGA-ALVARADO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-74055 <br><br> Agency No. A098-854-725 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010 [**]
San Francisco, California

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Santos Raul Alvarenga-Alvarado, a native and citizen of El Salvador,

petitions for review of the decision of the Board of Immigration Appeals which

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissed his appeal from the immigration judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture.

We reject Alvarenga-Alvarado's claim that he is eligible for asylum based on his membership in a particular social group, namely persons who fear gang activity. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008).

Substantial evidence also supports the agency's denial of CAT relief because petitioner has not established it is more likely than not he will be tortured by or with the acquiescence of the El Salvador government. *See Santos-Lemus,* 542 F.3d at 748.

We reject petitioner's due process claim because the BIA provided sufficient reasons for affirming the IJ, and there was no due process violation. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004).

We lack jurisdiction to consider Alvarenga-Alvarado's remaining contentions - that he is entitled to asylum and withholding relief based on imputed anti-gang political opinion, and he is a member of a social group composed of individuals who suffer persecution by gangs due to former military service - because Alvarenga-Alvarado failed to raise those claims before the agency, and

therefore he did not exhaust the claims.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**